FILED

5:25cv0695

SEP 0 5 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

# Plaintiff's Motions Related to August 14, 2025 Case Management Conference

# MOTION TO CLARIFY AND PRESERVE THE RECORD

Plaintiff respectfully submits this motion to clarify statements made during the Case Management Conference ("CMC") held on August 14, 2025, and to preserve the record for appellate review. Plaintiff further notes that the Court's tone and comments at the CMC created an appearance of racial bias, as Plaintiff was the only Black African father present and was addressed in a dismissive manner not directed at other participants. At the CMC, the Court stated to Plaintiff that he "cannot reverse what the Akron Municipal Court did," mischaracterizing Plaintiff's complaint. Plaintiff never asked this Court to review, reverse, or modify any municipal court judgment. Plaintiff's complaint alleges independent federal constitutional claims under 42 U.S.C. § 1983.

Article I, Section 10 of the United States Constitution provides that no state shall make any law impairing the obligation of contracts. Article VI, the Supremacy Clause, confirms that the Constitution and laws made pursuant to it are the supreme law of the land, and anything contrary is not of binding force. The United States Supreme Court has long recognized that municipal and territorial courts are legislative courts of limited jurisdiction, not Article III constitutional courts. See State v. Officer (180–1871) (describing such tribunals as extensions of legislative authority rather than judicial power). Territorial and municipal courts derive their powers from legislative grant, not from Article III of the Constitution. Because such courts are inferior tribunals, they carry no presumption of jurisdiction. Their records must affirmatively demonstrate jurisdiction on their face; otherwise, their judgments cannot be sustained. See Evans v. Marvin, 76 R. 540, 148 P. 119 (Or. 1915). The statutes which would deprive a citizen of rights of person or property without a regular trial according to the course and usage of common law are not the law of the land. Hoke v. Henderson, 15 N.C. 15, 25 Am. Dec. 677. A constitution is a supreme enactment — fundamental law enacted directly by the people in their sovereign capacity — while statutes are merely legislation by representatives, subject to constitutional limitations. Jurisdiction cannot be presumed; all jurisdictional facts must affirmatively appear on the record, otherwise jurisdiction is lacking. Thus, Plaintiff's federal complaint is properly before this Court under Article III jurisdiction and 42 U.S.C. § 1983, and cannot be reduced to an "appeal" of municipal proceedings. Federal constitutional claims exist independently of any municipal process.

# MOTION FOR RECUSAL OR DISQUALIFICATION PURSUANT TO 28 U.S.C. § 455

Plaintiff respectfully moves for recusal or disqualification of the presiding judge pursuant to 28 U.S.C. § 455(a) and (b). During the August 14, 2025 CMC, the Court's statements and conduct created an appearance of bias, partiality, and prejudgment of Plaintiff's claims. The Court's comments also created the appearance of racial bias, as Plaintiff was the only Black African father present and was addressed in a dismissive manner not directed at other participants. By framing Plaintiff's claims as an attempt to "reverse" Akron Municipal Court rulings, the Court misapplied jurisdictional principles. As shown in authorities such as Evans v. Marvin, 76 R. 540, 148 P. 119 (Or. 1915), municipal and justice courts are inferior courts of limited statutory jurisdiction whose judgments must affirmatively show jurisdiction on their face. Federal courts adjudicating § 1983 claims exercise Article III judicial power, which cannot be

displaced by municipal tribunals. As Hoke v. Henderson, 15 N.C. 15, 25 Am. Dec. 677, further makes clear, statutes or inferior tribunals that deprive citizens of rights without trial according to common law are not the law of the land. Jurisdiction cannot be presumed; it must affirmatively appear on the record. The Court's failure to acknowledge these principles, combined with its dismissive comments toward Plaintiff, creates an appearance of bias and unequal treatment.

# RENEWED MOTION FOR ACCESS TO CASE MANAGEMENT CONFERENCE RECORDING

Plaintiff respectfully renews his request for access to the official recording of the Case Management Conference held on August 14, 2025. Plaintiff previously filed a motion requesting the audio and/or video record of that proceeding. To date, the Court has not ruled on that motion. The August 14, 2025 CMC included statements by the Court that mischaracterized Plaintiff's claims and created the appearance of racial bias. Plaintiff has a right to preserve an accurate record of the CMC to support appellate review. Without access to the official recording, Plaintiff is prejudiced in his ability to document the Court's statements and protect his rights. For these reasons, Plaintiff respectfully requests that the Court grant access to the official recording of the August 14, 2025 CMC and direct the Clerk to provide a copy within 14 days.