UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELHADJ ALPHA MAHMOUND SOUARE, | ) ) ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) ) | CASE NO.: 5:25-CV-00695 |
| vs. | ) ) ) | <u>ORDER</u> |
| AKRON METROPOLITAN HOUSING AUTHORITY, et al., | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Elhadj Alpha Mahmound Souare's complaint against Defendants' Akron Metropolitan Housing Authority ("AMHA") and Stephanie Pence for issues stemming from his eviction in September of 2024 is pending before this Court. Doc. 10. The parties have filed summary judgment motions. Doc. 21, 33. However, the Court need not address these motions because the Court concludes, sua sponte, that Plaintiff's complaint should be dismissed for lack of jurisdiction.

"Federal courts are courts of limited jurisdiction and 'have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.' *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd*., 556 F.3d 459, 465 (6th Cir. 2009). 'If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action.' Fed. R. Civ. P. 12(h)(3)." *Taylor v. San Cristian LLC*, No. 1:25-CV-985, 2025 U.S. Dist. LEXIS

1

146806, at *3 (N.D. Ohio July 31, 2025).

In his complaint, Plaintiff asserts that Defendants unlawfully evicted him, citing to 42 USC §1983, the Fair Housing Act (42 U.S.C. §3601), the Fourteenth Amendment to the United States Constitution, and Ohio landlord-tenant laws. Doc. 10. The crux of his complaint is the validity of his eviction.

Plaintiff contends that he submitted full rent payments that AMHA's system failed to properly credit, resulting in the eviction proceedings. Doc. 10, p. 2. Plaintiff notes in his complaint that he "was given notice of a hearing scheduled for 9:00 a.m. but was unable to attend due to preexisting business commitments. The hearing proceeded in Plaintiff's absence, and a default judgment of eviction was entered." Doc. 10, p. 2.

At the initial hearing on this matter, Plaintiff explained that he did not pay rent from January to August of 2024 because he had issues with the payment system and therefore refused to pay. He further confirmed that he had notice of the eviction hearing but did not attend, nor request that it be continued. The Court takes judicial notice that on September 30, 2024, the Akron Municipal Court entered its final appealable order that a Writ of Restitution be allowed in favor of AMHA. *Akron Metropolitan Housing Authority vs. Souare*, No. 24 CVG-06231 (Akron Mun. Ct. Sept. 20, 2024). Plaintiff confirmed at the initial hearing before this Court that he did not appeal this decision, and the Akron Municipal Court docket so reflects.

Rather than appeal the eviction, on December 12, 2024, Plaintiff filed suit in the Akron Municipal Court, challenging his eviction. *Souare v. Akron Metropolitan Housing Authority*, No. 24CV09340, (Akron Mun. Ct. Dec. 12, 2024). On January 16, 2026, the Akron Municipal Court granted AMHA's motion to dismiss on the grounds that "Plaintiff's complaint seeks to relitigate a

2

claim that is precluded by the final judgment entered in Akron Municipal Court Case No. 24 CV 06231 and is therefore barred by *res judicata*." *Id*.

On April 8, 2025, Plaintiff filed the instant suit, again challenging his eviction. In substance Plaintiff's complaint lies with his disagreement with the Akron Municipal Court's decision regarding his eviction.

> Further, to the extent Plaintiff purports to challenge any final order or judgment of the state-court eviction court, this Court lacks jurisdiction to hear his claims under the *Rooker-Feldman* doctrine, which 'prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision.' *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks omitted). '[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments.' *Higgs v. Dupuis*, No. 5:19 CV 192, 2021 U.S. Dist. LEXIS 104359, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362, 68 L. Ed. 362 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ('A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.'). 'Plaintiff cannot seek to undo the outcome of the state court eviction proceeding in this Court.' *Higgs*, 2021 U.S. Dist. LEXIS 104359, 2021 WL 2270707, at *2. *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of a plaintiff's claims resting on premise that state foreclosure judgment was invalid).

*Taylor v. San Cristian LLC,* No. 1:25-CV-985, 2025 U.S. Dist. LEXIS 146806, at *5-6 (N.D. Ohio July 31, 2025).

In sum, this Court does not have jurisdiction to review the Akron Municipal Court's decision, and the complaint must be DISMISSED. Further, because the Court lacks the authority to adjudicate Plaintiff's claims, it cannot provide any of the relief he is seeking in his various pending motions. Accordingly, the outstanding motions are DENIED as MOOT. Docs. 21, 45, 46.

## I.      CONCLUSION

For the reasons set forth above, Plaintiff's complaint is DISMISSED. Plaintiff's remaining motions are DENIED as MOOT.

**IT IS SO ORDERED.**

| | |
|---|---|
| **February 23, 2026** | **/s/ John R. Adams** |
| **Date** | **John R. Adams** |
| | **U.S. District Judge** |