UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELHADJ SOUARE,

           Plaintiff,

     v.

AKRON METROPOLITAN
HOUSING AUTHORITY, et al.,

           Defendants.

)   CASE NO.   5:25-cv-00695
)
)
)
)   <u>Judge John R. Adams</u>
)
)   ORDER
)
)

On May 26, 2026, the Sixth Circuit issued a limited remand for this Court "for consideration of whether Souare's time for filing a notice of appeal should be reopened" pursuant to Federal Rule of Appellate Procedure 4(a)(6). Doc. 52, p. 2.　The Court now resolves that issue.

This Court denied Plaintiff's motion to alter/amend its judgment on March 6, 2026. Doc. 50.　A copy of this order was mailed to Plaintiff at the address on the docket.　Plaintiff filed his notice of appeal on April 16, 2026. Doc. 51. In his notice, Plaintiff writes that "I did not receive the denial marginal order I saw it today April 15, 2026 at the federal court." Doc. 51. The Sixth Circuit's limited remand asks this Court to construe his notice of appeal as a motion to reopen and consider the motion on its merits. Doc. 52. Plaintiff subsequently filed a motion to reopen his time to appeal with a memorandum in support.　Doc. 53.

Rule 4(a)(6) provides:

**Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Rule 4(a)(6). Plaintiff bears the burden to establish that he did not receive notice of the Court's denial of his motion within 21 days of the entry of the judgment. *Collier v. Monroe*, No. 25-cv-11959, 2025 U.S. Dist. LEXIS 264123, at *4-5 (E.D. Mich. Dec. 22, 2025). Accordingly, Plaintiff must provide *some* supporting evidence to support his contention that he never received the judgment. *Evans v. United States*, No. 96-1962, 1998 U.S. App. LEXIS 21618, 1998 WL 598712, at *2 (Aug. 28, 1998) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)) (finding that the district court did not abuse its discretion in denying the defendant's motion where he "failed to provide any supporting evidence for his contention that he never received notice").

Plaintiff provides nothing to support his contention that he did not receive the Order. The record reflects that a copy of the Order was mailed to the address he provided and not returned as undeliverable. The Court notes that throughout this case, it has mailed Plaintiff 13 various orders to this same address. None were returned undeliverable, nor did Plaintiff ever express a concern about receipt. In fact, the only complaint Plaintiff made in this case regarding service of filings was in a "notice" on July 9, 2025, wherein he explained that he had issues with email and "[t]o preserve due process and equal footing in this matter," requested that the Court order Defendants to mail all filings to his P.O. box, rather than rely on email. Doc. 14.

2

Plaintiff has filed 13 cases in the Northern District of Ohio since March of 2025. Plaintiff has listed the same P.O. Box address in all 13 cases. A cursory review of these cases show that only once did Plaintiff complain about not receiving an order, and that was because he had listed his address wrong on his complaint.

> On September 4, 2025, plaintiff filed a document styled "Plaintiff's Notice Regarding Lack of Service of Judgment." (Doc. No. 19 (Notice).) In his notice, plaintiff advises that he never received a copy of the aforementioned MOO and JE by regular U.S. Mail and was forced to obtain a copy directly from the Clerk's Office. (Id. at 1.) The notice contains an address that differs from the address plaintiff provided in his complaint. (Compare Doc. No. 1, at 3; with Doc. No. 19, at 1.) A review of other filings in this case and other cases filed by plaintiff in the Northern District of Ohio suggests that plaintiff's complaint filed herein contained a typographical error.
> …
> Plaintiff is reminded, however, that it is the duty of every litigant that appears in the Northern District of Ohio to provide the Court with accurate contact information.

*Souare v. Hill*, 5:25-cv-01152, Doc. No. 20 (September 5, 2025).

Throughout various mailings from this Court in 13 cases, the only mailing issue was because of Plaintiff's own typographic error. Plaintiff fails to provide any supporting evidence that he did not receive the Court's order here.  "Except for his denial," Plaintiff has done nothing to meet his burden of proving non-receipt. *Evans*, 1998 U.S. App. LEXIS 21618, 1998 WL 598712, at *2.  Thus, the first requirement to reopen the time to appeal is not satisfied.

Accordingly, Plaintiff's motion to reopen his time to appeal is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
|    June 4, 2026    |    */s/John R. Adams*    |
| Date | JOHN R. ADAMS |
| | UNITED STATES DISTRICT JUDGE |

3